**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 23, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-60279

———————————

JAMES B. CROSS, LELAND A. GRAUL, EILEEN M. MCGINLEY, SCOTT M.
UNIVER, JACK A. WEISBAUM, and BDO SEIDMAN, LLP,

Plaintiffs-Appellants,

versus

FORMAN, PERRY, WATKINS, KRUTZ, & TARDY, PLLC, ALAN W. PERRY,
WALTER H. BOONE, and PHILIP S. SYKES,

Defendants-Appellees.

--------------------
Appeal From the United States District Court
for the Southern District of Mississippi
3-02-CV-261
--------------------

Before KING, STEWART and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:[*]

The plantiffs-appellants in this case, consisting of the
accounting firm of BDO Seidman, LLP and several of its member
partners (referred to hereafter collectively as "BDO"), sued
defendants-appellees Forman, Perry, Watkins, Krutz, & Tardy, PLLC,
a law firm, as well as several of its members (referred to
hereafter collectively as "Forman"). BDO sued alleging malicious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecution by Forman of a conspiracy claim arising from the bankruptcy of one of Forman's clients, River Oaks Furniture.

## I. BACKGROUND

River Oaks, a furniture company that is no longer a party to this litigation, discovered accounting irregularities as it was preparing its 1996 financial statements. It could not identify the cause of the problem, and it asked its regular accounting firm, BDO, to assist it. BDO cautioned River Oaks that it should hire an outside accounting firm, but it agreed to stay on and it ultimately determined that an employee of River Oaks, Kim Long, had committed fraud in her capacity as bookkeeper for River Oaks.

As a result of the irregularities, River Oaks filed a lawsuit against BDO alleging negligence, and it later added a conspiracy claim that BDO fraudulently attempted to avoid liability based on an alleged delay in reporting the fraud to River Oaks after BDO discovered it. River Oaks failed financially as a result of the fraud and a delay in preparing its income statements, and the lawsuit was transferred to bankruptcy court. Forman represented River Oaks in these proceedings and on the conspiracy claim.

The conspiracy claims Forman pursued alleged that BDO and its members had knowledge of the fraud for several months prior to reporting it to River Oaks. The claim alleged that BDO failed to disclose its findings as part of a calculated effort to avoid

liability in later litigation, and that it attempted to use its role as auditor to seek evidence placing the blame on River Oaks' management so as to deflect blame from itself.

The bankruptcy court twice upheld the conspiracy claim on summary judgment motions prior to trial, and it allowed River Oaks to proceed to trial. At the close of the presentation of River Oaks claims' at trial, the court granted a motion for summary judgment made by BDO on the conspiracy claim, finding that the evidence presented did not support the claim.

River Oaks ultimately settled with BDO and waived its attorney-client privileges with respect to the lawsuit. BDO filed the malicious prosecution claim that is the subject of the current proceedings against Forman, alleging that Forman initiated the conspiracy claims without basis and without consulting crucial witnesses in determining whether there was a basis to file the claim.

Forman filed a motion for summary judgment, solely limited to the issue of whether Forman had probable cause to file its claims. BDO responded with a Rule 56(f) motion to stay summary judgment pending discovery. The district court granted the motion, but concluded that discovery should be limited because of the extensive discovery conducted in the underlying bankruptcy case and the fact that the summary judgment motion addressed only one element of the

claim. The district court allowed BDO five interrogatories and two document requests.

After oral argument and review of the evidence and the record, the district court denied additional requests for discovery by BDO and granted the summary judgment motion. The district court concluded that the fact that the claim twice survived summary judgment motions, combined with the answers to the interrogatories and Forman's duty to zealously advocate for River Oaks, meant that probable cause existed as a matter of law. BDO has appealed, assigning errors both to the decision to limit discovery and the decision to grant summary judgment.

## II. ANALYSIS

BDO has raised a number of issues relating to both the discovery limitations and the summary judgment granted by the district court on its malicious prosecution claim. As to the limitations on discovery, BDO contends that additional discovery was required to properly investigate the issue of probable cause and that the district court erred in imposing unreasonable limitations on discovery. BDO further argues that privileged communications between Forman and River Oaks were improperly withheld by Forman, and that Forman's response to its discovery request was inadequate because it merely regurgitated information from the underlying case. As to the decision by the district court to grant summary judgment, BDO argues that the court improperly

decided probable cause as a matter of law, improperly drew inferences in favor of Forman as the moving party, and erred in its consideration of the decision by the bankruptcy court to twice affirm the conspiracy claim on summary judgment as evidence of its merit. BDO also argues that there was a question of material fact requiring a jury trial in that Forman failed to interview key witnesses or investigate the claim.

As to the discovery issues, the standard of review is for abuse of discretion. Beattie v. Madison County Sch. Dist., 254 F.3d 595, 605 (5th Cir. 2001). As to the question of whether summary judgment was properly granted, we review de novo. Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001).

We conclude that the district court did not abuse its discretion in imposing limitations on discovery and did not err in granting summary judgment.

The district court did not abuse its discretion in limiting the discovery here to five interrogatories and two document requests. As the district court noted, this case had already been subject to substantial discovery as part of the underlying conspiracy claim and the bankruptcy case of which it was a part. Additionally, a nonmoving party making requests for further discovery under Rule 56(f) must "show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact" and "'may not simply rely on

vague assertions that additional discovery will produce needed, but unspecified facts.'" <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1267 (5th Cir. 1992), quoting <u>SEC v. Spence & Green Chemical Co.</u>, 612 F.2d 896, 901 (5th Cir. 1980). We have reviewed the five areas of inquiry BDO presented to the district court as necessitating further discovery, and conclude that several of these relied on vague assertions without specifying what facts were to be discovered. To the extent these areas of inquiry were sufficiently specific, we conclude that five interrogatories were adequate to discover the facts that were specified. Our review indicates that the district court did not err in its holding that BDO failed to show a substantial need for the materials withheld under the work-product doctrine. Finally, the similarity between Forman's response to the discovery requests here and its responses made in the earlier litigation does not render the response here inadequate. Forman was obligated to produce new information in its response only to the extent that new information was available, and BDO does not assert that any specific facts or documents are being withheld. BDO's discovery requests were sufficiently broad that an adequate response would necessarily cover the same ground as prior responses.

The district court also did not err in granting summary judgment to Forman as a matter of law. Under Mississippi law, in malicious prosecution cases "the question of probable cause is a

mixed question of law and fact; that whether the circumstances alleged to constitute probable cause are sufficiently established, is a matter of fact for the jury; but whether, supposing them to be true, as alleged, they amount to probable cause, is a question of law, to be decided by the court." Owens v. Kroger, Co., 430 So.2d 843, 847 (Miss. 1983), quoting Whitfield v. Westbrook, 40 Miss. 311 (Miss. 1866). BDO argues that the district court improperly drew inferences in favor of Forman, the moving party, by describing Forman's success in defending the conspiracy claims against two summary judgment motions as "highly persuasive indicia that Forman Perry had ample probable cause to file and prosecute" the conspiracy claims. We find no error here, as the district court correctly stated its obligation to resolve doubts against the movant and as BDO's objection is predicated on the assumption that it was improper to consider probable cause as a matter of law. BDO additionally argues that it was error for the district court to consider these prior rulings on the summary judgment motions as conclusive proof of probable cause. The district court's opinion expressly stated that it did not consider these rulings to be binding, and after referencing the summary judgment rulings it went on to discuss the district court's own review of the record. We find no error in its decision to find the prior rulings on the summary judgment motions persuasive but not conclusive. Finally, BDO contends that there was an issue of material fact sufficient to

defeat summary judgment on the probable cause issue. We agree with the district court that the ability of the conspiracy claims to survive two summary judgment motions was substantial evidence of their merit, and upon reviewing the record find no genuine dispute as to a material issue of fact. We therefore AFFIRM the judgment of the district court.